# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

| | |
|---|---|
| WALTER RYAN, )<br>)<br>Petitioner, )<br>)<br>v. )<br>)<br>AL ST. LAWRENCE, )<br>)<br>Respondent. ) | Case No. CV412-132 |

## REPORT AND RECOMMENDATION

Walter Ryan, a pre-trial detainee held at the Chatham County Detention Center while awaiting extradition to Florida, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Doc. 1.) For the purposes of this Report and Recommendation, Ryan's motion seeking leave to proceed *in forma pauperis* (doc. 2) is **GRANTED**. Ryan, however has failed to plead that he satisfied the common law exhaustion requirement for § 2241 claims, and thus his petition should be dismissed.

"The exhaustion doctrine is a judicially crafted instrument which reflects a careful balance between important interests of federalism and the need to preserve the writ of habeas corpus as a 'swift and imperative

remedy in all cases of illegal restraint or confinement.'" *Braden v. 30th Judicial Cir. Ct. of Ky.*, 410 U.S. 484, 490 (1973). While the § 2241 statute does not contain an exhaustion requirement resembling that found in 28 U.S.C. § 2254, courts have adopted such a requirement for § 2241 petitions. *Thomas v. Crosby*, 371 F.3d 782, 812 (11th Cir. 2004) ("Among the most fundamental common law requirements of § 2241 is that petitioners must first exhaust their state court remedies.") (Tjoflat, concurring); *Montez v. McKinna*, 208 F.3d 862, 866 (10th Cir. 2000) ("A habeas petitioner is generally required to exhaust state remedies whether his action is brought under § 2241 or § 2254."). "[T]he [common law exhaustion] requirement was codified in 28 U.S.C. §2254(b), but the requirement applies to all habeas corpus actions." *Fain v. Duff*, 488 F.2d 218, 223 (5th Cir. 1974); *Moore v. DeYoung*, 515 F.2d 437, 442 (3d Cir. 1975) (finding that under principles of federalism, exhaustion is required before pretrial writ can be issued); *see Wilson v. Hickman*, 85 F. Supp. 2d 1378, 1380 (N.D. Ga. 2000).

A § 2241 petitioner, then, "must exhaust his state remedies by petitioning the highest court in the state in which he is being held 'when such review is part of the ordinary appellate review procedure' in that

jurisdiction." *Jackson v. Walker*, 206 F. App'x 967, 968 (11th Cir. 2006) (quoting *Pope v. Rich*, 358 F.3d 852, 853 (11th Cir. 2004)). And "[b]ecause ordinary appellate procedure in Georgia authorizes habeas review in the Georgia Supreme Court, a petitioner must avail himself of that procedure before we will deem all state remedies to be exhausted." *Id.*

Because this Court lacks the authority under § 2241 to review the constitutionality of Ryan's confinement prior to the exhaustion of his state court remedies, the petition should be **DISMISSED** without prejudice.

**SO REPORTED AND RECOMMENDED** this 13th day of June, 2012.

/s/ M. Smith
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA